UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                              Case No.: 8:17-cr-25-T-33JSS

FRANK MICHAEL MONGELLUZZI
                                                                     /

**ORDER**

THIS MATTER is before the Court on Defendant's Motion to Seal ("Motion"). (Dkt. 27.) Defendant moves to seal the record of the side-bar colloquy conducted in court during his March 13, 2017, guilty plea hearing. The Government does not oppose Defendant's Motion. (Dkt. 30.) For the reasons stated below, Defendant's Motion is granted.

The Court conducted Defendant's guilty plea hearing pursuant to Federal Rule of Criminal Procedure 11. During the hearing, the Court inquired into Defendant's medical history to determine his competence to enter his guilty plea and to ensure that he was pleading guilty freely and voluntarily with a full understanding of the consequences of pleading guilty. Fed. R. Crim. P. 11. Defendant's counsel requested that the portion of the Court's plea colloquy regarding Defendant's health be conducted at side-bar and placed under seal. The Government did not oppose Defendant's request to have the health-related portion of the plea colloquy conducted at side-bar. The Court granted Defendant's request in part and conducted the health-related portion of the plea colloquy at side-bar. The Court granted Defendant leave to file the instant Motion.

District courts have substantial supervisory powers over their records and files. *Nixon v. Warner Comm. Inc*., 435 U.S. 589, 598 (1978). "Control over these documents is a discretionary matter with the district court." *United States v. Gomez*, 323 F.3d 1305, 1307 (11th Cir. 2003). Decisions on motions to seal must balance the public's common law right of access against the

interests favoring confidentiality. *Nixon*, 425 U.S. at 589. The common law right of access may be overcome by a showing of good cause, which "balances the asserted right of access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1309 (11th Cir. 2001). In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc*., 480 F.3d 1234, 1246 (11th Cir. 2007); *see also In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir.1987). A party's privacy or proprietary interest in information may overcome the interest of the public in accessing the information. *See Nixon,* 435 U.S. at 598.

Here, sealing the side-bar inquiry concerning Defendant's medical history would not impair court functions and would protect Defendant's legitimate privacy interests involving his personal medical history. The information does not concern a public official or public concern. Moreover, the portion of the plea colloquy that Defendant seeks to seal is only a brief portion of the entire plea colloquy which was otherwise open to the public. The Court further notes that the Government does not object to Defendant's Motion. (Dkt. 30.)

Last, the Court addresses Defendant's compliance with Middle District of Florida Local Rule 1.09, which governs the procedure for sealing documents. Defendant proposes "that the sidebar inquiry be sealed until good cause is presented to unseal the sidebar inquiry." (Dkt. 27 at 2.) However, Local Rule 1.09(c) states that "[u]nless otherwise ordered by the Court for good

cause shown, no order sealing any item pursuant to this section shall extend beyond one year." Defendant's Motion does not address why the record should be sealed beyond one year and therefore fails to show good cause for sealing the record beyond the time provided in Local Rule 1.09. Defendant may, however, seek to renew the motion to seal if warranted.

Upon consideration, it is **ORDERED** that Defendant's Motion to Seal (Dkt. 27) is **GRANTED**. The Clerk of the Court is directed to seal the record of the side-bar inquiry conducted during Defendant's March 13, 2017, guilty plea hearing.

**DONE** and **ORDERED** in Tampa, Florida, on March 29, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record